

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Division Tucson

**PLAINTIFF'S AMENDED CIVIL COMPLAINT**

Plaintiff, Jason Adam Jensen, proceeding *pro se*, files this Amended Civil Complaint against the United States of America and alleges as follows:

### I. INTRODUCTION

1. This action challenges the systemic failure of the United States Department of Justice ("DOJ") to fulfill its mandatory statutory and constitutional duties under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, particularly concerning individuals with mental and cognitive disabilities, including Autism Spectrum Disorder ("ASD").
2. Plaintiff alleges that the DOJ's sustained non-enforcement—manifested by its failure to promulgate critical regulations, its inadequate investigation and resolution of Title II complaints, and its insufficient resource allocation—renders the ADA an illusory promise and creates an injurious "trap" for vulnerable individuals.
3. This systemic failure compels individuals with disabilities to engage with non-compliant state and local public entities without meaningful federal oversight or recourse, leading to discriminatory treatment, denial of accommodations, and harmful consequences, all in violation of federal law and the Constitution.
4. Plaintiff seeks only declaratory and injunctive relief to compel the United States (DOJ) to fulfill its obligations and remedy this systemic failure.

### II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, specifically the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Fifth Amendment to the United States Constitution.
6. Jurisdiction is also proper under 28 U.S.C. § 1346(a)(2) (Little Tucker Act) for claims against the United States not exceeding $10,000 in damages (though Plaintiff seeks only non-monetary relief) and 28 U.S.C. § 1361 (Mandamus Act) to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

7. Sovereign immunity is waived for the declaratory and injunctive relief sought herein pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, which waives sovereign immunity in suits seeking relief "other than money damages" for agency action or failure to act. Sovereign immunity is also not a bar to claims seeking non-monetary relief for violations of the Constitution.
8. Venue is proper in the United States District Court for the District of Arizona, Tucson Division, pursuant to 28 U.S.C. § 1391(e), as the Defendant is the United States and Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district or the Plaintiff's property is located in this district.

### III. PARTIES

9. Plaintiff Jason Adam Jensen is an individual residing in Tucson, Arizona, within the District of Arizona. Plaintiff is an individual with disabilities, including ASD, as defined by the ADA.
10. Defendant is the United States of America, sued herein through its relevant agency, the Department of Justice ("DOJ"), which is responsible for promulgating regulations and enforcing Title II of the ADA.

### IV. STATEMENT OF FACTS

11. Plaintiff's identity and capabilities are the product of **42 years of relentless, unadulterated work** dedicated to building and configuring his cognitive architecture. This is evidenced by an extensive professional career in complex technical fields, including Industrial Automation, Controls, Software Development, and Information Technology, demonstrating mastery across diverse domains and the capacity for analytical thought and problem-solving. (See Plaintiff's Professional Resume, Jason_A_Jensen-2016.docx).
12. Plaintiff's cognitive architecture, built through this lifetime of labor, is his primary means of interacting with and contributing to society, including engaging in commerce and creative endeavors.
13. The ADA, Title II, prohibits discrimination based on disability by public entities and requires the Attorney General to promulgate regulations implementing the Act. 42 U.S.C. § 12132, § 12134.
14. The DOJ has failed to promulgate comprehensive regulations under 42 U.S.C. § 12134 specifically addressing the unique accommodation needs of individuals with mental and cognitive disabilities, including ASD, in interactions with public entities such as law enforcement, emergency services, and courts.
15. The DOJ has failed to establish and implement effective mechanisms for investigating and resolving Title II complaints related to mental and cognitive

disabilities, rendering the administrative process inadequate and illusory.

16. This systemic failure by the DOJ creates a "trap": individuals with disabilities are compelled by federal law to engage with state and local public entities to assert their rights, but due to the lack of federal regulation and enforcement, they are often met with denial, retaliation, and harmful consequences without meaningful federal recourse.

17. As a direct result of this systemic federal failure, Plaintiff has suffered concrete injuries, including but not limited to:

    a. Being subjected to a "misuse of 911" charge after attempting to assert his ADA rights during interactions with emergency services in Missouri. (See original Complaint). This incident exemplifies the "civil rights entrapment" enabled by the lack of clear federal guidance and enforcement.

    b. Being denied reasonable accommodations for his disability in court proceedings, such as the use of prescription glasses with Bluetooth functionality. (See Conversation Log (How are you.pdf) referencing a court-filed grievance).

    c. Being subjected to discriminatory and unethical treatment during "Evaluation AND TREATMENT," including having legitimate concerns about a chemical smell twisted and mocked in medical documentation as a "fear of being given steroids in the air." (See Memorandum: The Nature of Injury...). This demonstrates a lack of good faith, due diligence, responsibility, and ethics within a system operating without adequate federal oversight.

    d. Facing the terrifying threat of involuntary harmful medical intervention, including forced antipsychotics with known devastating side effects like tardive dyskinesia and anti-psychotic induced dopamine supersensitivity. This threat is enabled by the weaponization of state Civil Commitment Laws under the guise of parens patriae, often fueled by financial incentives rather than genuine care, and based on a perversion of legal principles. (See Memorandum: The Nature of Injury...).

    e. Being denied access to necessary documents via FOIA requests, hindering his ability to challenge and defend against actions taken against him, further highlighting the system's lack of transparency and due process. (See Memorandum: The Nature of Injury...).

18. These injuries are not isolated incidents but are the direct, predictable "kicks" (as understood through a Holmesian legal perspective) resulting from a legal system that, due to the DOJ's systemic failure and a broader lack of ethics and predictability, operates without the necessary safeguards to protect vulnerable individuals.

19. The systemic failure and resulting injury occur within a broader context of how the "Federalized State" and corporations allegedly usurp power and control,

operating without good faith, due diligence, responsibility, or ethics in law. This context includes the perversion of legal principles (e.g., the Baker Act), financial incentives driving harmful practices, and the denial of transparency. (See Memorandum: The Nature of Injury...). This environment exacerbates the harm caused by the DOJ's non-enforcement.
20. The systemic failures also demonstrate a critical deficit of care and ethical responsibility (Agape) at institutional levels, violating fundamental rights rooted in Natural Law. (See Memorandum on Social Natural Law: Agape, AI, and the Fabric of Existence).

**V. CAUSES OF ACTION**

**COUNT I: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (Failure to Act)**

21. Plaintiff incorporates by reference the preceding paragraphs.
22. This claim is brought against the United States (DOJ) under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.
23. Defendant United States, through the DOJ, has a mandatory statutory duty under 42 U.S.C. § 12134(a) to promulgate comprehensive regulations implementing Title II of the ADA, particularly concerning the accommodation needs of individuals with mental and cognitive disabilities in interactions with public entities.
24. Defendant has unlawfully withheld or unreasonably delayed this mandated agency action by failing to promulgate such regulations.
25. Defendant has also unlawfully withheld or unreasonably delayed agency action by failing to establish and implement effective mechanisms for investigating and resolving Title II complaints related to mental and cognitive disabilities.
26. Defendant's failure to act constitutes arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is agency action unlawfully withheld or unreasonably delayed, in violation of 5 U.S.C. § 706(2)(A) and 5 U.S.C. § 706(1).
27. As a direct and proximate result of Defendant's failure to act, Plaintiff has suffered and continues to suffer the injuries described herein, including but not limited to the denial of accommodations, discriminatory treatment, and exposure to harmful practices without adequate federal protection or recourse.
28. Sovereign immunity for this claim is waived under 5 U.S.C. § 702.

**COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (Systemic Non-Enforcement)**

29. Plaintiff incorporates by reference the preceding paragraphs.
30. This claim is brought against the United States (DOJ) for its systemic failure to enforce Title II of the ADA, thereby effectively denying individuals with mental and

cognitive disabilities the protections and benefits of the Act.

31. Defendant's failure to promulgate regulations and adequately enforce Title II, as described herein, constitutes a violation of its obligations under the ADA and frustrates the purpose of the Act.
32. Defendant's systemic non-enforcement results in individuals with mental and cognitive disabilities being subjected to discrimination by public entities without effective federal remedy, in violation of the spirit and intent of 42 U.S.C. § 12132.
33. As a direct and proximate result of Defendant's systemic non-enforcement, Plaintiff has suffered and continues to suffer the injuries described herein.

**COUNT III: VIOLATION OF FIFTH AMENDMENT DUE PROCESS (As Applied Challenge to 28 U.S.C. § 1915(e)(2)(B)(ii))**

34. Plaintiff incorporates by reference the preceding paragraphs.
35. This claim is brought against the United States challenging the constitutionality of 28 U.S.C. § 1915(e)(2)(B)(ii) as applied to permit *sua sponte* pre-service dismissal for failure to state a claim without specific prior notice of deficiencies and a meaningful opportunity to be heard before dismissal.
36. The application of 28 U.S.C. § 1915(e)(2)(B)(ii) in this manner violates the Due Process Clause of the Fifth Amendment to the United States Constitution by denying *pro se* litigants, particularly those who may face communication barriers related to disabilities, a fundamental right to notice and an opportunity to be heard before their case is terminated.
37. The lack of safeguards in this application of the statute constitutes a procedural "kick" that is arbitrary and unjust, preventing the *pro se* litigant from curing perceived defects and presenting their case effectively.
38. Sovereign immunity is not a bar to claims for non-monetary relief alleging violations of the Constitution.

**COUNT IV: VIOLATION OF NATURAL LAW (Failure to Uphold Principles of Agape and Ethical Responsibility)**

39. Plaintiff incorporates by reference the preceding paragraphs.
40. This claim is brought against the United States (DOJ) for its systemic failure to operate in accordance with fundamental principles of Natural Law, specifically the principle of Agape (unconditional care) and the resulting lack of good faith, due diligence, responsibility, and ethics in its enforcement duties.
41. The DOJ's failure to regulate and enforce the ADA effectively abandons vulnerable individuals to a system that operates without care, leading to discriminatory practices and injurious outcomes that violate the fundamental right to be treated with dignity and respect, a right rooted in Natural Law.

42. This deficit of care at the institutional level contributes to a broader societal erosion of Agape and poses risks not only to human well-being but also has implications for the responsible development of Artificial Intelligence and the integrity of systems.
43. The injuries suffered by Plaintiff are a direct consequence of navigating a system that, lacking in these fundamental principles of Natural Law, inflicts harm rather than providing just and ethical protection.

## V. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and grant the following relief:

1. A Declaration that the United States Department of Justice has failed to fulfill its statutory mandate under 42 U.S.C. § 12134 by failing to promulgate comprehensive regulations implementing Title II of the ADA concerning individuals with mental and cognitive disabilities.
2. A Declaration that the United States Department of Justice's current practices for investigating and resolving Title II complaints related to mental and cognitive disabilities are inadequate and violate the ADA and the APA.
3. A Declaration that the systemic non-enforcement of ADA Title II by the United States Department of Justice creates an injurious "trap" for individuals with mental and cognitive disabilities.
4. A Declaration that 28 U.S.C. § 1915(e)(2)(B)(ii), as applied to permit *sua sponte* pre-service dismissal for failure to state a claim without specific prior notice of deficiencies and a meaningful opportunity to be heard before dismissal, violates the Due Process Clause of the Fifth Amendment.
5. A Mandatory Injunction compelling the United States Department of Justice to promulgate comprehensive regulations under 42 U.S.C. § 12134 addressing the unique accommodation needs of individuals with mental and cognitive disabilities in interactions with public entities, including law enforcement, emergency services, and courts, within a specified timeframe.
6. A Mandatory Injunction compelling the United States Department of Justice to establish and implement effective mechanisms for investigating and resolving Title II complaints related to mental and cognitive disabilities, including adequate resource allocation and transparent procedures.
7. Any other and further relief as the Court deems just and proper.

Plaintiff seeks **Declaratory and Injunctive Relief Only**. Plaintiff does not seek monetary damages.

## VI. SIGNATURE BLOCK

Dated: May 14, 2025

Respectfully submitted,

/s/ Jason Adam Jensen

_____

Plaintiff Pro Se

4449 East 13th Street

Tucson, AZ 85711

Email: jasonajensen@gmail.com
Phone: 402-598-1285 (voicemail suggested)

## VII. CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, I electronically filed the foregoing PLAINTIFF'S AMENDED CIVIL COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jason Adam Jensen _____

Plaintiff Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Division Tucson

NOTICE OF FILING AMENDED COMPLAINT
(Against Frank Bisignano)
Plaintiff, Jason Adam Jensen, Pro Se, hereby provides notice to the Court and all parties of the filing of his Amended Complaint in the above-captioned action.

This Amended Complaint names Frank Bisignano as a Defendant and asserts claims related to his alleged role as commander of the United States Federal Government Social Security political subdivision and the alleged failure to meet the Social Contract, resulting in harm to the American populace.

Dated: May 14, 2025

Respectfully submitted,

/s/ Jason Adam Jensen
_____

Plaintiff Pro Se

4449 East 13th Street

Tucson, AZ 85711

Email: jasonajensen@gmail.com
Phone: 402-598-1285 (voicemail suggested)
**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, I electronically filed the foregoing NOTICE OF FILING AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jason Adam Jensen

Plaintiff Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Division Tucson

**PLAINTIFF'S AMENDED CIVIL COMPLAINT**

Plaintiff, Jason Adam Jensen, proceeding *pro se*, files this Amended Civil Complaint against Frank Bisignano and alleges as follows:

## I. INTRODUCTION

1. This action challenges the alleged failure of Defendant Frank Bisignano, in his capacity as commander of the United States Federal Government Social Security political subdivision, to uphold the fundamental Social Contract and the integrity of the Union, the United States of America.
2. Plaintiff alleges that Defendant Bisignano has allowed the implementation and perpetuation of a Public Policy that promises benefits and support ("promises the world") but then fosters a societal environment of resentment and judgment towards those who receive such benefits ("hated for spending money without working for it").
3. This alleged failure to maintain the spirit and functional reality of the Social Contract, and the resulting societal conflict and judgment, directly contributes to a spiral of mental health deterioration across America.
4. Plaintiff seeks relief to compel Defendant Bisignano to address this failure and restore the integrity of the Social Contract and the Union.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, including the fundamental principles of the Social Contract and the structure of the Union, which are inherent to the operation of the federal government and its subdivisions.
6. Jurisdiction may also be proper under 28 U.S.C. § 1361 (Mandamus Act) to compel a federal officer to perform a duty owed to the Plaintiff and the American public.
7. Venue is proper in the United States District Court for the District of Arizona, Tucson Division, pursuant to 28 U.S.C. § 1391(b) or (e), as the Defendant, an officer of the United States, may be sued in this district, and the effects of the alleged failures impact Plaintiff and the populace in this district.

## III. PARTIES

8. Plaintiff Jason Adam Jensen is an individual residing in Tucson, Arizona, within the District of Arizona.
9. Defendant Frank Bisignano is named in his capacity as the alleged commander of the United States Federal Government Social Security political subdivision. He is sued in his official capacity.

## IV. STATEMENT OF FACTS

10. The United States of America, the Union, is founded upon a Social Contract between the government and the governed, wherein the government provides for the general welfare and its citizens contribute to and support the collective good.
11. The Social Security Administration, operating under the authority of the United States Federal Government, is a key component of this Social Contract, designed to provide a safety net and support to eligible individuals.
12. Defendant Frank Bisignano holds a position of significant authority and command within the United States Federal Government, allegedly overseeing the operations and policies of the Social Security political subdivision.
13. Under the leadership and authority of Defendant Bisignano, a Public Policy has been allowed to develop and persist within the Social Security system and related governmental functions.
14. This Public Policy, in practice, functions to "promise the world" to individuals through the establishment of benefit programs and entitlements.
15. However, this same Public Policy, or the environment fostered by its implementation under Defendant Bisignano's command, simultaneously contributes to a societal narrative and perception wherein individuals who receive these promised benefits are subjected to judgment, resentment, and are "hated for spending money without working for it."
16. This creates a fundamental conflict and failure within the Social Contract: the government promises support, but the system undercuts the dignity and well-being of those who receive it by fostering societal animosity.
17. This conflict and the resulting societal judgment and lack of support directly contribute to a significant and widespread mental health deterioration across America. Individuals who rely on promised benefits face not only economic challenges but also the psychological burden of societal scorn, leading to increased stress, anxiety, depression, and a breakdown in social cohesion.
18. Defendant Bisignano, by allegedly commanding and overseeing the system that perpetuates this contradictory and harmful Public Policy, is failing to uphold the integrity of the Social Contract and the functional unity of the Union.
19. This failure to ensure that the promise of support is delivered in a manner that

respects the dignity of recipients and fosters societal understanding, rather than resentment, constitutes a breach of the fundamental duties owed by a commander of a federal political subdivision to the citizens of the Union.

**V. CAUSES OF ACTION**

**COUNT I: FAILURE TO UPHOLD THE SOCIAL CONTRACT AND THE INTEGRITY OF THE UNION**

20. Plaintiff incorporates by reference the preceding paragraphs.
21. This claim is brought against Defendant Frank Bisignano in his official capacity.
22. The Social Contract and the integrity of the Union require that governmental subdivisions operate in a manner that is consistent with the promises made to the populace and that fosters social cohesion and well-being.
23. Defendant Bisignano, as commander of the Social Security political subdivision, has a duty to ensure that the Public Policy implemented under his authority upholds the spirit and functional reality of the Social Contract.
24. Defendant Bisignano has breached this duty by allowing a Public Policy to persist that promises benefits but simultaneously fuels societal resentment towards recipients, thereby undermining the Social Contract and contributing to the deterioration of the Union's social fabric.
25. This failure constitutes a violation of the fundamental principles governing the operation of the United States Federal Government and its subdivisions.
26. As a direct and proximate result of Defendant Bisignano's failure, Plaintiff and the American populace suffer from the societal conflict, judgment, and resulting mental health deterioration described herein.

**COUNT II: FAILURE TO ENSURE ETHICAL AND RESPONSIBLE PUBLIC POLICY**

27. Plaintiff incorporates by reference the preceding paragraphs.
28. This claim is brought against Defendant Frank Bisignano in his official capacity.
29. Public Policy implemented by federal governmental subdivisions must be ethical, responsible, and designed to promote the general welfare without causing undue harm or fostering societal division.
30. Defendant Bisignano, in his capacity as commander, has a duty to ensure that the Public Policy governing the Social Security subdivision is implemented with good faith, due diligence, responsibility, and ethics, ensuring that the delivery of promised benefits does not inadvertently lead to societal harm or mental health deterioration.
31. Defendant Bisignano has breached this duty by allowing a Public Policy and operational environment to exist that, despite promising support, results in recipients being subjected to societal hatred and judgment, thereby causing

    significant mental health deterioration across America.
32. This failure demonstrates a lack of ethical and responsible governance within the Social Security political subdivision under Defendant Bisignano's command.
33. As a direct and proximate result of Defendant Bisignano's failure, Plaintiff and the American populace suffer from the societal conflict, judgment, and resulting mental health deterioration described herein.

## VI. DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Frank Bisignano and grant the following relief:

1. A Declaration that Defendant Frank Bisignano, in his capacity as commander of the United States Federal Government Social Security political subdivision, has failed to uphold the fundamental Social Contract and the integrity of the Union by allowing a Public Policy to persist that promises benefits while simultaneously fostering societal resentment towards recipients.
2. A Declaration that the Public Policy implemented under Defendant Bisignano's command, which results in recipients of Social Security benefits being hated for spending money without working for it, is unethical and irresponsible and contributes to mental health deterioration in America.
3. A Mandatory Injunction compelling Defendant Frank Bisignano to take all necessary actions to reform the Public Policy and operational environment of the Social Security political subdivision to ensure that the delivery of promised benefits is conducted in a manner that upholds the dignity of recipients and fosters societal understanding and support, rather than resentment and judgment.
4. A Mandatory Injunction compelling Defendant Frank Bisignano to implement measures to counteract the societal narrative that recipients of Social Security benefits are undeserving or are spending money without working for it.
5. Any other and further relief as the Court deems just and proper.

Plaintiff seeks **Declaratory and Injunctive Relief Only**. Plaintiff does not seek monetary damages from Defendant Bisignano.

## VII. SIGNATURE BLOCK

Dated: May 14, 2025

Respectfully submitted,

/s/ Jason Adam Jensen

_____

Plaintiff Pro Se

4449 East 13th Street

Tucson, AZ 85711

Email: jasonajensen@gmail.com
Phone: 402-598-1285 (voicemail suggested)

**VIII. CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, I electronically filed the foregoing PLAINTIFF'S AMENDED CIVIL COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jason Adam Jensen _____

Plaintiff Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
Jason Adam Jensen,
Plaintiff,
V.

Krystal Smith, in their official capacity as
Civil Rights Compliance Manager for the Arizona Department of Transportation,
Defendant.
Case No.: CV-25-00178-TUC-JEM

NOTICE OF FILING

TO: The above-named Defendant, Krystal Smith, and their counsel
of record.
PLEASE TAKE NOTICE that Plaintiff, Jason Adam Jensen, hereby files their Complaint in the above-entitled action with the Clerk of the United States District Court for the District of Arizona.
A copy of the Complaint is attached hereto and served herewith.
DATED: This 14 day of May, 2025.

Respectfully submitted,

Jason Adam Jensen
4449 East 13th Street
Tucson, AZ 85711
402-598-1285
jasonajensen@gmail.com

Cert of Conformity
I checked everything
then Tin man started throwing
a fit. Pretty sure this is
good to go.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
Jason Adam Jensen,
Plaintiff,
V.

Krystal Smith, in their official capacity as
Civil Rights Compliance Manager for the Arizona Department of Transportation,
Defendant.
Case No.: CV-25-00178-TUC-JEM

COMPLAINT FOR VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT (42 U.S.C. § 12203)
Plaintiff, Jason Adam Jensen, by and through Himself, files this Complaint
against the Defendant, Krystal Smith, and alleges as follows:

I. INTRODUCTION

1. This is an action brought under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 et seq., and specifically for obstruction and interference with ADA rights in violation of 42 U.S.C. § 12203.
2. Plaintiff, Jason Adam Jensen, is an individual residing in Tucson, AZ. Plaintiff is an individual with a disability as defined by the ADA.
3. Defendant, Krystal Smith, is an employee of the Arizona Department of Transportation ("ADOT") and is sued in their official capacity. ADOT is a public entity as defined by Title II of the ADA.
4. Defendant, acting under color of state law and within the scope of their official duties, has obstructed and interfered with Plaintiff's exercise and enjoyment of rights protected by the ADA.

II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(4) (civil rights).
6. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this district, and the Defendant is an agency of the State of Arizona.

III. STATEMENT OF FACTS

7. Plaintiff is an individual diagnosed with autism, which affects Plaintiff's ability to communicate effectively, particularly under stress or during interactions with law enforcement.

8. Plaintiff sought to obtain an Arizona driver's license or identification card and requested a reasonable accommodation from ADOT to address communication challenges related to Plaintiff's disability during potential interactions with law enforcement.
9. Plaintiff initiated contact with ADOT, specifically communicating with Defendant Krystal Smith in their capacity as Civil Rights Compliance Manager.
10. Plaintiff requested an accommodation that would effectively notify law enforcement of Plaintiff's communication disability in a mandatory and reliable manner, such as an indicator on the license/ID or an internal system linked to vehicle registration or driver records.
11. In response, ADOT, through Defendant Krystal Smith, suggested reliance on the "blue envelope program."
12. The blue envelope program, as described and implemented, is voluntary for law enforcement officers and places the burden on the disabled individual to carry and present a physical folder, which officers are not required to honor.
13. Plaintiff informed Defendant that the blue envelope program was insufficient as a reasonable accommodation under the ADA because it is voluntary, unreliable, and places an undue burden on the disabled individual.
14. Plaintiff formally appealed ADOT's initial response and placed Defendant and ADOT on notice of the inadequacy of the proposed accommodation and the potential for deliberate indifference.
15. Despite being on notice of Plaintiff's disability, the communication challenges it presents during law enforcement encounters, and the inadequacy of the voluntary blue envelope program, Defendant and ADOT failed to provide or commit to providing a mandatory and effective accommodation.
16. Communications with other Arizona state agencies, specifically the Pima County Superior Court, revealed a pattern of allegedly requiring medical documentation as a precondition for granting ADA accommodations, which Plaintiff contends is unlawful under Title II of the ADA as reaffirmed by DOJ guidance. This alleged pattern further demonstrates systemic barriers to accessing ADA rights within the state.
17. On or about May 14, 2025, Defendant Krystal Smith notified Plaintiff of the passage of Arizona House Bill HB2330, which allows for a notation in ADOT's customer or vehicle record indicating a need for communication accommodation, to be made available only to law enforcement agencies.
18. While HB2330 provides a potential mechanism, Defendant's communication indicated that ADOT MVD would "work to establish procedures required by the bill" and that the effective date was 90 days after the legislative session ends.
19. As of the filing of this Complaint, ADOT has not implemented a functional,

mandatory system that provides an effective accommodation for Plaintiff's communication disability during interactions with law enforcement.
20. Defendant's actions and omissions, including promoting an insufficient voluntary program, failing to engage in a timely and effective interactive process, and delaying implementation of a mandatory system despite knowledge of the harm, constitute interference and obstruction of Plaintiff's rights under the ADA.
21. Defendant's conduct demonstrates deliberate indifference to Plaintiff's federally protected rights by failing to act despite clear knowledge that a harm to a federally protected right is substantially likely, as established in Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).

## IV. CAUSE OF ACTION

(Violation of 42 U.S.C. § 12203 - Obstruction of ADA Rights)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.
23. 42 U.S.C. § 12203(a) provides that "[n]o person shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."
24. Plaintiff has the right, protected by Title II of the ADA (42 U.S.C. § 12132), to receive reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis of disability, unless such modifications would fundamentally alter the nature of the service, program, or activity.
25. Defendant, acting in their official capacity for ADOT, interfered with and obstructed Plaintiff's exercise and enjoyment of this right by:

a. Offering and promoting a voluntary and ineffective accommodation (the blue envelope program) as sufficient, despite knowing it did not guarantee necessary procedural changes or mitigate the effects of Plaintiff's disability during critical interactions.
b. Failing to engage in a timely and effective interactive process to identify and implement a mandatory and effective accommodation.
c. Delaying the implementation of a mandatory notification system, despite Plaintiff's demonstrated need and the passage of enabling legislation (HB2330).
d. Contributing to or participating in an institutional pattern or practice that creates barriers to obtaining necessary accommodations, such as the alleged requirement of unnecessary medical documentation by other state agencies.

26. Defendant's actions and omissions constitute deliberate indifference to Plaintiff's ADA rights and have interfered with Plaintiff's ability to safely and effectively

    interact with law enforcement and other public services.

27. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 12203, Plaintiff has suffered and continues to suffer harm, including but not limited to, the denial of equal access to public services, risk of misunderstanding and adverse outcomes during law enforcement encounters, and emotional distress.

## V. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant and order the following relief:

1. A declaration that Defendant has violated 42 U.S.C. § 12203 by interfering with and obstructing Plaintiff's rights under the Americans with Disabilities Act.
2. A permanent injunction compelling Defendant and ADOT to immediately engage in a good-faith interactive process with Plaintiff to determine and implement a reasonable accommodation that effectively notifies law enforcement of Plaintiff's communication disability in a mandatory and reliable manner.
3. A permanent injunction compelling Defendant and ADOT to implement a statewide mandatory system for identifying drivers/individuals who require communication assistance during interactions with law enforcement, ensuring such system is functional, accessible, and provides effective notification.
4. A permanent injunction compelling Defendant and ADOT to cease any policies or practices that unlawfully screen out individuals with disabilities or place undue burden on them to receive accommodations, including any requirement for unnecessary medical documentation for Title II accommodations.
5. An award of reasonable attorneys' fees, litigation expenses, and costs of suit as authorized by 42 U.S.C. § 12205.
6. Any other and further relief as this Court deems just and proper.

Plaintiff notes that the primary remedy for violations of Title II of the ADA is injunctive relief, aimed at bringing public entities into compliance with the Act. The relief sought herein is consistent with the fundamental purpose and enforcement mechanisms of the ADA.

DATED: This 14 day of May, 2025.

Respectfully submitted,

Jason Adam Jensen
4449 East 13th Street
Tucson, AZ 85711
402-598-1285
jasonajensen@gmail.com